J-S45028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SCOTT GUTH :
:
Appellant : No. 1878 EDA 2022

Appeal from the Judgment of Sentence Entered April 19, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No.: CP-48-CR-0002784-2021

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 5, 2023**

Appellant Scott Guth appeals from the April 19, 2022 judgment of sentence entered in the Court of Common Pleas of Northampton County ("trial court"), following his open guilty plea to drug delivery resulting in death.[1] Upon review, we affirm.

The facts and procedural history of this case are undisputed. Briefly, following a fatal fentanyl overdose, Appellant was charged with, and subsequently pled guilty to, the foregoing crime. On April 19, 2022, the trial court sentenced Appellant to 7 to 14 years' imprisonment. On April 26, 2022, Appellant *pro se* moved for post-sentence relief, indicating that he was *without* counsel. On April 29, 2022, the trial court issued an order accepting as timely filed Appellant's April 26 post-sentence motion and directing Appellant to seek

_____

[1] 18 Pa.C.S.A. § 2506(a).

appointment of a public defender. On May 18, 2022, Attorney Molly Heidorn, Office of the Public Defender, Northampton County, filed a praecipe for entry of appearance on Appellant's behalf. On June 3, 2022, Attorney Heidorn filed an amended post-sentence motion, challenging the discretionary aspects of Appellant's sentence. On June 30, 2022, the trial court denied post-sentence relief. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, reasserting his challenge to the discretionary aspects of his sentence. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[2] Appellant presents a single issue for our review.

[I.] Did the trial court err and abuse its discretion when it imposed a sentence inconsistent with the Sentencing Code and/or contrary to the fundamental norms which underlie the sentencing process, in that said sentence constituted an abuse of discretion because the sentence imposed represented an unreasonable and excessive sentence which failed to consider mitigating factors.

_____

[2] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting ***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa. Super. 2002)), ***appeal denied***, 64 A.3d 630 (Pa. 2013).

Appellant's Brief at 6 (unnecessary capitalizations omitted). At the core, he claims only that his sentence is excessive because the trial court failed to consider mitigating circumstances.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[3] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *affirmed*, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine

---

[3] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, as indicated, Appellant essentially asserts in his Rule 2119(f) statement that his sentence is excessive because the court did not consider mitigating factors, such as "his remorse, acceptance of responsibility, and his history of addiction and mental illness." Appellant's Brief at 15. Based on his 2119(f) statement, we conclude that Appellant has failed to raise a substantial question.

As noted, Appellant's excessiveness claim principally is premised on his argument that the trial court failed to consider his mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain

mitigating factor generally does not raise a substantial question); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), ***appeal denied***, 676 A.2d 1195 (Pa. 1996); ***Commonwealth v. Bershad***, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence).  Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on inadequate consideration of mitigating factors.[4]

Even if we were to find a substantial question, Appellant still would not be entitled to relief.  First, as Appellant himself acknowledges, his sentence of 7 to 14 years' imprisonment is in the bottom end of the standard range. Appellant's Brief 14-15.  The imposed sentence also is what his plea counsel

---

[4] Similarly, insofar as Appellant suggests that the trial court abused its discretion in imposing a sentence consecutive to an unrelated sentence he received in Lehigh County, Appellant's Brief at 15, he does not raise a substantial question.  We consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review.  ***See Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]"), ***appeal denied***, 126 A.3d 1282 (Pa. 2015); ***see also Ahmad***, 961 A.2d at 887 n.7; ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa. Super. 2006).

accepted at sentencing. *See* N.T. 4/19/22, at 38 ("The bottom end of the standard range is appropriate."). Second, it is well-settled that "[w]here[, as here,] the sentencing court had the benefit of a presentence investigation ('PSI'),[5] we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171. Indeed, our review of the sentencing transcript reveals that the trial court heard testimony and argument concerning Appellant's mitigating circumstances and considered the same in crafting his sentence. *See* N.T., Sentencing, 4/19/22, at 5-14, 22-34, 36-38, 40-41. Accordingly, Appellant's sentencing claim based on insufficient consideration of mitigating factors lacks merit. The trial court, therefore, did not abuse its discretion in sentencing Appellant to 7 to 14 years in prison.

Judgment of sentence affirmed.

_____

[5] We note Appellant's PSI report is part of the original record. It should be noted that pursuant to Pa.R.Crim.P. 703 a PSI report is "confidential, and not of public record," which is available only to the authorities or the individuals listed therein. *See* Pa.R.Crim.P. 703. Accordingly, the Northampton County Clerk of Courts should take all necessary steps to preserve the confidential nature of the PSI report by sealing it.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/05/2023